IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **KRISTI CONSTANTINE,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**SIMMONS FIRST NATIONAL CORPORATION d/b/a SIMMONS BANK,**<br><br>and<br><br>**BASIL MINOR**<br><br>and<br><br>**SIMMONS BANK, SUCCESSOR BY CONVERSION TO SIMMONS FIRST NATIONAL BANK, SUCCESSOR BY MERGER TO LIBERTY BANK,**<br><br>Defendants. | Case No. 6:18-CV-03282 |

# FIRST AMENDED COMPLAINT

**COMES NOW**, Plaintiff, for herself and for all other similarly situated class members, through counsel, and for her causes of action states:

1. Plaintiff is a citizen and resident of Greene County, Missouri.

2. Defendant Simmons First National Corporation d/b/a Simmons Bank ("Simmons") is an Arkansas Corporation authorized to do business in the State of Missouri. Simmons is a banking institution doing business in Missouri. Defendant Simmons can be served through its registered agent Gary Metzger at 4625 South National Avenue, Springfield, MO 65810.

3. Defendant Basil Minor ("Minor") is an individual domiciled in the State of Missouri and performs repossessions for corporations such as Simmons. Minor can be served at 101 N. Spring Park Blvd, Mt. Vernon, MO 65712.

4. Defendant Simmons Bank, Successor by Conversion to Simmons First National Bank, Successor By Merger to Liberty Bank ("Simmons Bank"), is a banking institution doing business in Missouri and can be served with process through its registered agent.

5. This Court has jurisdiction over the subject matter of this action, as the events giving rise to this petition took place in Greene County Missouri, and involves consumer transactions and contracts entered into in Greene County Missouri.

### Facts Relevant to Defendant Simmons

6. Plaintiff incorporates the preceding paragraphs by reference as if set out fully herein.

7. Plaintiff financed the purchase of her 2011 Ford Escape ("vehicle"). Ultimately, Defendant Simmons or Simmons Bank held the note on Plaintiff's vehicle.

8. Plaintiff made monthly payments to Simmons or Simmons Bank of $422.00 pursuant to the financing agreement. Plaintiff made all of her scheduled payments to Simmons or Simmons Bank on time. Plaintiff maintained full insurance coverage on the vehicle at all times pertinent herein.

9. On or about November 17, 2017, Plaintiff went into her local Simmons or Simmons Bank branch to tender her final payment on her vehicle.

10. However, a Simmons or Simmons Bank associate informed Plaintiff that the actual payoff on her vehicle was almost $2,000.00. Plaintiff spoke with the branch manager who informed Plaintiff that this additional payoff amount was due to expenses incurred by Simmons or Simmons Bank for obtaining force-placed insurance on her car.

11. Plaintiff informed the manager that she had always maintained full coverage on her vehicle and got her insurance agent on the phone to verify this fact for the manager.

12. Plaintiff had never received any notification that Simmons or Simmons Bank was obtaining force-placed insurance on her car and informed the manager of this fact.

13. The manager stated that she would check into this issue and get it resolved for Plaintiff.

14. The manager (on or about November 17, 2017) expressly told Plaintiff to not tender the final $422.00 payment that was then due while they were investigating the forced-placed insurance issue as it would go to pay off the force-placed insurance and further complicate matters.

15. Between the dates of November 18, 2017 and January 11, 2018, Plaintiff continued checking with Simmons or Simmons Bank to see if the insurance problem was resolved on their end so she could make her final scheduled payment on the loan.

16. Between the dates of November 18, 2017 and January 11, 2018, the Plaintiff continued to receive assurances from multiple agents of Simmons or Simmons Bank that they were working to get the problem resolved.

17. On or about January 1, 2018, Plaintiff went outside to start her car. Once outside, Plaintiff discovered her car was gone. She immediately called the police to report the theft. The police ran the information on her car and discovered that the vehicle had been repossessed by Defendant Minor.

18. Plaintiff contacted Defendant Minor who confirmed that he had repossessed her vehicle for Defendant Simmons or Simmons Bank.

19. Plaintiff next contacted the Simmons or Simmons Bank branch manager with whom she had previously dealt. The manager stated she did not have any knowledge of the repossession.

20. The manager informed Plaintiff that it would cost $1,808.00, including a repossession fee of $350.00, to get the vehicle back. Plaintiff paid the full $1,808.00 and the manager gave Plaintiff a handwritten receipt for the payment.

21. Plaintiff was eventually able to retrieve her vehicle from Defendant Minor.

22. Plaintiff attempted to contact Defendant Simmons or Simmons Bank to resolve the final payoff issue, but Defendant Simmons or Simmons Bank now refuses to speak with her.

23. Defendant Simmons or Simmons Bank has reported the repossession to the Credit Bureau and Plaintiff's credit score has been negatively affected.

24. Defendant Simmons or Simmons Bank never provided Plaintiff with a notice of force-placed insurance.

25. Defendant Simmons or Simmons Bank never provided Plaintiff with a notice of right to cure prior to the repossession of her vehicle.

26. As a direct result of Defendant Simmons' or Simmons Bank's conduct, Plaintiff has suffered substantial damage.

### Facts Relevant to Defendant Minor

27. Plaintiff incorporates the preceding paragraphs by reference as if set out fully herein.

28. Plaintiff traveled to Aurora, MO, to pick up her vehicle from Defendant Minor.

29. Before Defendant Minor would release the vehicle to her, he required Plaintiff to pay an additional $195.00 repossession fee.

30. As Plaintiff was leaving Aurora along U.S. Highway 60, the hood of Plaintiff's vehicle swung up and slammed into the windshield.

31. Defendant Minor had not properly latched the hood of the car after lifting the hood to disable the vehicle's alarm system.

32. As a direct result of Defendant's actions, Plaintiff incurred substantial damage to her vehicle.

**CLASS ACTION ALLEGATIONS – DEFENDANT SIMMONS AND SIMMONS BANK**

33. Plaintiff incorporates the preceding paragraphs by reference as if set out fully herein.

34. The following allegations relate to the class action Plaintiff now brings against Defendant Simmons and Simmons Bank.

35. Plaintiff was a debtor or obligor on a loan owed to Defendant Simmons and/or Simmons Bank, which was secured by collateral and subject to the provisions of the Uniform Commercial Code.

36. Plaintiff is the proposed class representative and asserts claims arising under the Uniform Commercial Code in her individual capacity and as representative of all similarly situated individuals, which claims arise out of Defendant Simmons' and/or Simmons Bank's unlawful repossession of Plaintiff's and class members' collateral and Defendant Simmons' and/or Simmons Bank's unjustified purchase of force-placed insurance without prior notice on Plaintiff's and class members' collateral.

37. The Missouri legislature has passed several laws that attempt to protect debtors in security agreements from the potential hazards of such transactions. These statutes include:

a. Mo. Rev. Stat. § 408.555 strictly requires that certain notice must be sent to a debtor by a secured creditor prior to repossession of collateral and strictly requires certain information to be contained in such notice;

b. Mo. Rev. Stat. § 408.562 creates a civil cause of action for individuals to enforce their rights under § 408.555, and provides for the recovery of damages, punitive damages, and reasonable attorneys fees;

c. Mo. Rev. Stat. § 400.9-608 strictly requires a secured party to account to and pay a debtor for any surplus proceeds received on collateral;

d. Mo. Rev. Stat. § 400.9-625 provides for civil actions and statutory damages in the event that a secured creditor fails to meet the statutory requirements contained in Missouri's UCC Article 9. More specifically, Mo. Rev. Stat. § 400.9-625 provides for statutory damages as follows:

(i) Actual losses caused by Creditor's failure to comply; and

(ii) An amount not less than the credit service charge plus 10 percent of the principal amount of the obligation or the time-price differential plus 10 percent of the cash price.

38. Additionally, the Missouri Legislature has passed laws to protect purchasers of personal, family or household goods or services from deceptive and unfair practices in trade or commerce. These statutes include:

a. Mo. Rev. Stat. § 407.020 provides that any deception, false pretense, false promise, misrepresentation, unfair practice or concealment, suppression, or omission of any material fact in connection with the sale of goods or services is an unlawful practice;

b. Mo. Rev. Stat. § 407.025 provides a civil right of action for individuals harmed by the violation of § 407.020 and allows such individual to recover actual damages, punitive damages and reasonable attorney's fees, the statute also authorizes claims made pursuant to § 407.020 to be maintained as a class action when the requirements of Federal Rules of Civil Procedure Rule 23 and Missouri rule of civil procedure 52.08 are met.

39. In this case, Defendant Simmons and/or Simmons Bank has disregarded each of the Missouri statutes set forth above in that:

a. Defendants obtained force-placed insurance on Plaintiff's collateral without justification and failed to provide any notice to Plaintiff that it was obtaining such insurance;

b. Defendants required Plaintiff to payoff the amount Defendant incurred for obtaining the useless force-placed insurance before releasing her from the underlying loan;

c. Defendants made misrepresentations to Plaintiff stating that she should not make any further payments on her loan until the force-placed insurance issue was resolved;

d. Defendants considered Plaintiff to be in default on her loan even though it expressly told her to not make any further payments towards the loan until the force-placed insurance issue was resolved;

e. Defendants reported the alleged default to the Credit Bureau;

f. Defendants repossessed Plaintiff's vehicle without providing the required notice and disclosures;

g. Defendants required Plaintiff to payoff the expense it incurred for the force-placed insurance before releasing her vehicle from impoundment;

h. Defendants required Plaintiff to payoff the expense it incurred for illegally repossessing her vehicle;

i. Defendants have failed to account to and pay Plaintiff for the surplus she paid on the collateral.

40. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to Missouri Rule of Civil Procedure 52.08 and Mo. Rev. Stat. § 407.025. The class of persons Plaintiff now seeks to represent are as follows:

a. All Missouri citizens and entities of any kind who within the last four years: (1) were debtors of Defendant Simmons and/or Simmons Bank pursuant to transactions subject to Article 9 of Missouri's Uniform Commercial Code wherein Defendant Simmons and/or Simmons Bank were in a secured position with respect to collateral of any kind; and (2) had collateral subject to any transaction identified above repossessed by or at the direction of the Defendants; and (3) did not receive notice from the Defendants of the debtor's right to cure.

b. All Missouri citizens and entities of any kind who within the last four years: (1) were debtors of Defendant Simmons and/or Simmons Bank pursuant to transactions subject to Article 9 of Missouri's Uniform Commercial Code wherein Defendant Simmons and/or Simmons Bank was in a secured position with respect to collateral of any kind; and (2) Defendant Simmons and/or Simmons Bank purchased force-placed insurance for such collateral when such force-placed insurance was not necessary; and (3) Defendant Simmons and/or Simmons Bank

failed to provide notice to the debtor of its purchase of force-placed insurance for such collateral.

c. All Missouri citizens and entities of any kind who within the last four years: (1) were debtors of Defendant Simmons and/or Simmons Bank pursuant to transactions subject to Article 9 of Missouri's Uniform Commercial Code wherein Defendant Simmons and/or Simmons Bank was in a secured position with respect to collateral of any kind; and (2) attempted to make payment to Defendant Simmons and/or Simmons Bank with respect to such collateral; and (3) Defendant Simmons expressly stated to the person to not tender such payment; and (4) Defendant Simmons and/or Simmons Bank subsequently considered the debtor to be in default on the obligation secured by the collateral.

d. All Missouri citizens and entities of any kind who within the last four years: (1) were debtors of Defendant Simmons and/or Simmons Bank pursuant to transactions subject to Article 9 of Missouri's Uniform Commercial Code wherein Defendant Simmons and/or Simmons Bank was in a secured position with respect to collateral of any kind; and (2) made surplus payments to Defendant Simmons with respect to the obligation secured by the collateral; and (3) Defendant failed to account to and pay the debtor for any such surplus.

Excluded from the proposed class are Defendant Simmons and/or Simmons Bank and its officers, directors, and employees, as well as employees of any of Defendants' subsidiaries, affiliates, successors or assignees. Also excluded are the immediate family members of the above persons. Also excluded is any trial judge who may preside over this case.

41. The proposed class is so numerous and so geographically dispersed that the individual joinder of all absent class members is impracticable. While the exact number of absent class members is unknown to Plaintiff at this time, it is upon information and belief, alleged that the proposed class will include thousands of members. The requirement of numerosity is therefore satisfied.

42. The particular members of the class are capable of being described without difficult managerial or administrative problems from the outset of this litigation. The members of the class are readily identifiable from the information and records in the possession or control of Defendant Simmons and/or Simmons Bank.

43. Common questions of law or fact exist as to all proposed class members and predominate over any questions that affect only individual members of the proposed class. These common questions of law or fact include:

   a. Whether Defendant Simmons and/or Simmons Bank violated Missouri law by failing to disclose specific notice requirements mandated by Missouri law; and

   b. Whether Defendant Simmons and/or Simmons Bank violated Missouri law by purchasing force-placed insurance on collateral without justification and failing to provide the debtor notice of such incurred expense;

   c. Whether Defendant Simmons and/or Simmons Bank violated Missouri law by misrepresenting that the debtor should not make any further payments on a loan and then considering the loan to be in default;

   d. Whether Defendant Simmons and/or Simmons Bank violated Missouri law by failing to account to and pay debtors for any surplus received on collateral;

e. Whether Plaintiff and Class Members are entitled to punitive damages and reasonable attorneys fees; and

   f. Whether Plaintiffs and Class members are entitled to minimum statutory damages pursuant to § 400.9-625 RSMo. in addition to actual and consequential damages.

44. The claims of Plaintiff are typical of the claims of the class.

45. Plaintiff will fairly and adequately represent the interests of the members of the class. Plaintiff has no interest adverse to the interests of the members of the class. Plaintiff has retained competent attorneys who have experience in class action litigation.

46. A class action is a superior method for the fair and efficient adjudication of this controversy. The adjudication of a separate action by individual members of the class would create a risk of a) inconsistent or varying adjudications with respect to individual members of the class; or b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

47. Questions of law or fact common to the members of the class predominate over any questions affecting only individual members. There is no special interest in the members of the class individually controlling the prosecution of separate actions; the damages sustained by individual class members may be relatively small; and the expense and burden of individual litigation make it impossible for the class members individually to address the wrongs done to them.

48. There will be no difficulty managing this lawsuit as a class action in this Court. Furthermore, Defendants transact substantial business in the State of Missouri and will therefore not be prejudiced or inconvenienced by the maintenance of the action in this forum.

## COUNT I – VIOLATIONS OF ARTICLE 9 OF THE UNIFORM COMMERCIAL CODE AND CHAPTER 408 RSMO. – DEFENDANT SIMMONS

49. Plaintiff incorporates the preceding paragraphs by reference as if set out fully herein.

50. This claim is brought pursuant to the Missouri Uniform Commercial Code, § 400.9-625 RSMo. and § 408.562 RSMo.

51. Plaintiff and Class Members are entitled to bring this action pursuant to the statutes referenced above.

52. Plaintiffs and Class Members entered into secured transactions as debtors subject to Missouri's version of Article 9 of the Uniform Commercial Code wherein the Defendant was the secured creditor owed.

53. During the course of these transactions, Defendants repossessed collateral subject to such transactions.

54. During the course of these transactions, Defendants engaged in violations of Mo. Rev. Stat. § 400.9-608 RSMo. in that the Defendant required Plaintiff and Class Members to make payments in excess of the amount actually owed by them to Defendants with respect to such transactions and failed to account to and pay Plaintiff and Class Members for the surplus it received on said collateral.

55. During the course of these transactions, Defendants engaged in violations of Mo. Rev. Stat. § 408.555 in that they failed to provide Plaintiff and Class members with notice of right to cure and other required disclosures at least 20 days prior to repossessing the collateral securing these transactions and actually repossessed or directed a third party to repossess such collateral.

56. Defendants willfully and intentionally violated Mo. Rev. Stat. §§ 400.9-608 and 408.555.

57. As a direct and proximate result of Defendant Simmons' and/or Simmons Bank's failures set forth above, Plaintiff and Class Members have been damaged in the following ways:

   a. Violation of statutorily required notice provisions;

   b. Paying fees and incurred costs, and being subjected to deficiency collections and reporting to the Credit Bureau;

   c. Inability to obtain, or increased costs of, alternative financing;

   d. Paying to the Defendants deficiency balances that were not owed due to Defendants' deceptive allegations that such deficiencies were owed notwithstanding Defendants' unjustified purchase of force-placed insurance for the subject collateral.

58. Additionally, Plaintiff and Class Members are also entitled to statutory damages in any event to the extent allowed by §§ 400.9-625 and 408.562.

59. Plaintiff and Class Members are also entitled to punitive damages and reasonable attorneys fees.

60. The actions of Defendants were intentional, willful, malicious, and in reckless disregards for the expectancies of the Plaintiff and the Class Members, and there, Plaintiff and the Class Members are entitled to punitive damages for the purpose of discouraging the Defendants from engaging in such actions in the future.

**WHEREFORE**, Plaintiff and Class Members pray this Court enter judgment in their favor and against Defendant Simmons and Simmons Bank as follows:

   a. Ordering that this action be maintained as a class action pursuant to Missouri Supreme Court Rule 52.08 and that the class be certified as described herein;

b. Ordering that Defendants disgorge all money collected from all class members subsequent to repossession of collateral;

c. Certifying Plaintiff as class representative and appointing Plaintiff's counsel as counsel for the Class;

d. Awarding Plaintiff and Class Members compensatory damages, to include any fees or amounts unlawfully collected, and further awarding any damages caused by Defendants' conduct;

e. Awarding Plaintiff and Class Members their consequential and incidental damages;

f. Awarding Plaintiff and Class Members any statutory damages to the extent available under 400.9-625 and 408.562 RSMo.;

g. Awarding total Plaintiff and Class Members damages in excess of $25,000.00;

h. Awarding Plaintiffs and Class Members pre-judgment and post-judgment interest as provided by law;

i. Awarding Plaintiff and Class Members punitive damages and attorneys' fees and costs as provided by law;

j. Awarding Plaintiff and Class Members such other and further relief as may be just and proper.

## COUNT II – VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT – DEFENDANTS SIMMONS AND SIMMONS BANK

61. Plaintiff incorporates the preceding paragraphs by reference as if set out fully herein.

62. Plaintiff and class members financed the purchase of certain collateral via a promissory note and security agreement.

63. Plaintiff in particular financed the purchase of a 2011 Ford Escape via a promissory note and security agreement.

64. Plaintiffs' loan and the loans of the class members were consumer transactions and were all made for the purchase of collateral which were used by them primarily for personal, family, household, and/or consumer purposes.

65. Upon information and belief, Plaintiff's note was assigned to Defendant Simmons and/or Simmons Bank.

66. Upon information and belief, the notes of Class Members either were assigned to Defendant Simmons and/or Simmons Bank or originated with Defendant Simmons and/or Simmons Bank.

67. The transactions at issue qualify as the sale of merchandise within the meaning of RSMo. § 407.025 in that Plaintiff and Class Members paid valuable consideration for the specific collateral and executed security agreements to payoff the balance of the amounts owed for the specific collateral.

68. Defendant Simmons and/or Simmons Bank purchased force-placed insurance on Plaintiff's and Class Members' collateral without justification and failed to provide Plaintiff or Class Members with notice of its purchase of said insurance.

69. Defendant Simmons and/or Simmons Bank subsequently added the expenses it incurred in connection with its purchase of the force-placed insurance on the collateral to the principal amounts owed on Plaintiff's and Class Members' loans and required Plaintiff and Class Members to pay such amounts before it would consider the loans paid in full.

70. Such unjustified purchase of force-placed insurance without prior notice to Plaintiff or Class Members, Defendants' subsequent addition of the expenses it incurred related to the

unjustified purchase of force-placed insurance to the principal amounts it claimed Plaintiff and Class Members owed on their loans, and Defendants' representation that Plaintiff and Class Members must payoff this additional amount before it would agree to release Plaintiff and Class Members from their security agreements constitutes a deception, fraud, false pretense, misrepresentation, unfair practice, concealment, suppression and omission of material fact within the meaning of RSMo. § 407.025.

71. As a direct result of Defendants illegal actions, Plaintiff and Class Members suffered an ascertainable loss in the following particulars:

   a. Defendants repossessed Plaintiff's and Class Members' collateral when they did not pay for the force-placed insurance expenses causing them to suffer a loss of property;

   b. Paying expenses related to the repossession of their collateral;

   c. Paying amounts necessary to take back possession of their collateral;

   d. Paying amounts Defendant Simmons and/or Simmons Bank incurred in repossessing their collateral;

   e. Paying Defendant Simmons and/or Simmons Bank for the expenses it incurred in purchasing the force-placed insurance.

72. Defendants' unlawful practices occurred in connection with the sale of merchandise within the meaning of RSMo. § 407.025 in that Plaintiff and Class Members purchased the subject collateral as set forth above and Defendant Simmons used the security agreements entered into by Plaintiff and Class Members for such purchase as a shield for its deceptive practices.

73. At the time that Defendant Simmons and/or Simmons Bank purchased the force-placed insurance, Defendants knew it had no justification to purchase said insurance but purchased the insurance anyway. Defendants intentionally failed to provide Plaintiff or Class Members notice of its purchase of force-placed insurance hoping the amounts added to Plaintiff's and Class Members' principal unpaid balance would go unnoticed.

74. Plaintiff and Class Members are entitled to recover their attorney's fees and costs under RSMo. § 407.025, et seq.

75. Defendants' actions described above were evil, wanton, willful and malicious justifying the imposition of punitive damages.

**WHEREFORE**, Plaintiff prays, on her own behalf and on behalf of Class Members, for judgment against Defendant Simmons and Simmons Bank, for damages in a fair and reasonable amount, for punitive damages, for attorney's fees, for costs incurred herein and for such other relief as the Court deems just and proper.

### COUNT III – NEGLIGENCE – DEFENDANT MINOR

76. Plaintiff incorporates the preceding paragraphs by reference as if set out fully herein.

77. Defendant Minor owed Plaintiff a duty to take reasonable care to maintain Plaintiff's vehicle in a safe and operable condition during the time he possessed the vehicle.

78. Defendant Minor owed Plaintiff a duty to take reasonable care to return Plaintiff's vehicle to her in a safe and operable condition.

79. Defendant Minor opened the hood of Plaintiff's vehicle at or near the time he repossessed Plaintiff's vehicle.

80. Subsequently, Defendant Minor failed to properly latch the hood of Plaintiff's vehicle.

81. Defendant Minor returned Plaintiff's vehicle to her with the hood unlatched and free to fly open as she traveled down the highway.

82. Defendant Minor knew or reasonably should have known that his failure to latch the hood would cause the hood of Plaintiff's vehicle to fly open as Plaintiff traveled home from Defendant's property in Aurora, Missouri.

83. Defendant Minor knew or reasonably should have known that his failure to latch the hood would create an unreasonable risk of harm to Plaintiff as she drove her vehicle home from Defendant's property in Aurora, Missouri.

84. As a direct and proximate result of Defendant's conduct, the hood of Plaintiff's vehicle flew open as she drove down the highway after leaving Defendant's property.

85. As a direct and proximate result of Defendant's conduct, Plaintiff incurred substantial damage to her vehicle and emotional distress.

**WHEREFORE,** Plaintiff pray this court enter its judgement against Defendant Minor, award her damages, costs and expenses incurred herein, and her attorney's fees, and for such other relief as the court deems just and proper.

**DOUGLAS, HAUN & HEIDEMANN, P.C.**

111 West Broadway, P.O. Box 117
Bolivar, Missouri 65613
Telephone: (417) 326-5261
Facsimile: (417) 326-2845
craig@dhhlawfirm.com
nathan@dhhlawfirm.com
nick@dhhlawfirm.com


By*/s/ Craig R. Heidemann*
  Craig R. Heidemann
  Missouri Bar No. 42778
  Nathan A. Duncan
  Missouri Bar No. 60186
  Nickolas W. Allen
  Missouri Bar No. 69582
  Attorneys for Plaintiff

**DHH  File No. 25544-002**