IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KRISTI CONSTANTINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:18-cv-03282-RK |
| | ) | |
| SIMMONS BANK, SUCCESSOR BY | ) | |
| CONVERSION TO SIMMONS FIRST | ) | |
| NATIONAL BANK, SUCCESSOR BY | ) | |
| MERGER TO LIBERTY BANK, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

**SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS**

Defendant Simmons First National Corporation ("SFNC"), in support of its contemporaneously filed *Motion to Dismiss* all claims against it contained in Plaintiff's First Amended Complaint (the "Complaint") (ECF No. 13), suggests as follows:

**I. STANDARD**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (internal quotation marks omitted). "The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal editorial marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation

WA 11940855.1

Case 6:18-cv-03282-RK   Document 17   Filed 10/09/18   Page 1 of 4

marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard… asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the Court need not accept as true allegations that merely state legal conclusions. *See id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). A dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *See Balisteri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

## II. PLAINTIFF'S COMPLAINT ALLEGES NO FACTS UPON WHICH SFNC COULD BE HELD LIABLE

Plaintiff's Complaint purports to assert claims against SFNC arising out of a loan Plaintiff had for her 2011 Ford Escape. At the same time, however, Plaintiff's Complaint makes identical allegations and claims against Defendant Simmons Bank, Successor by Conversion to Simmons First National Bank, Successor by Merger to Liberty Bank ("Simmons Bank").

Plaintiff's failure to differentiate between SFNC and Simmons Bank in her Complaint necessarily establishes that her Complaint fails to satisfy Rule 8's pleading requirements, such that dismissal is appropriate. *See Energizer Brands, LLC v. Procter & Gamble Co.*, No. 4:16-CV-223 (CEJ), 2016 WL 2894708, at *2 (E.D.Mo. May 18, 2016) (dismissing undifferentiated claims against two entities in a "group pleading" because such claims "do not satisfy Rule 8")

(quoting, *e.g., City of Miami v. JPMorgan Chase & Co.*, No. 1:14-CV-22205-WPD, 2016 WL 1621632, at *3 (S.D. Fla. Mar. 18, 2016) (dismissing complaint that made undifferentiated allegations against composite entity consisting of parent holding company, two affiliates, and nine predecessor companies); *Joseph v. Bernstein*, No. 13-24355-CIV, 2014 WL 4101392, at *6 (S.D. Fla. Aug. 19, 2014) (finding Rule 8 violation where allegations indiscriminately lump all defendants together).

Moreover, Plaintiff's inability to establish a factual claim against SFNC cannot be cured through amendment, as SFNC is a holding company which had no dealings or interactions with Plaintiff. *See U.S. ex rel. Her v. Regions Financial Corp.*, No. 06-2178, 2008 WL 2370942, at *3 (W.D.Ark. June 3, 2008) (dismissing claims against Regions Financial Corporation, as it was a "bank holding company" that had no involvement in the loans at issue).

Based on the foregoing, all claims against SFNC in Plaintiff's First Amended Complaint should be dismissed.

WHEREFORE, Defendant Simmons First National Corporation ("SFNC") moves the Court to dismiss all claims against it contained in Plaintiff's First Amended Complaint (ECF No. 13, and granting SFNC such other and further relief as the Court deems just and proper.

*Respectfully submitted,*

/s/ Jason C. Smith
Jason C. Smith          Mo. Bar No. 57657
Rodney H. Nichols      Mo. Bar No. 45741
**SPENCER FANE LLP**
2144 E. Republic Road, Ste. B300
Springfield, Missouri 65804
Telephone: 417-888-1000
Facsimile: 417-881-8035
jcsmith@spencerfane.com
rnichols@spencerfane.com

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on this 9th day of October, 2018, the foregoing instrument was filed with the Clerk of the Court using the ECF System, which sent notice of such filing to the following:

Craig R. Heidemann
Nathan A. Duncan
Nickolas W. Allen
**DOUGLAS, HAUN & HEIDEMANN, P.C.**
111 West Broadway, P.O. Box. 117
Bolivar, Missouri 65613
Telephone: (417) 326-5261
Facsimile: (417) 326-2845
craig@dhhlawfirm.com
nathan@dhhlawfirm.com
nick@dhhlawfirm.com

*Attorneys for Plaintiff*

                                                  /s/    *Jason C. Smith*

4

WA 11940855.1

Case 6:18-cv-03282-RK   Document 17   Filed 10/09/18   Page 4 of 4